Harris v. Brand.

# ARBITRATION AND AWARD—FEES, COMPENSATION AND SALARIES—PARTIES.

[Lucas (6th) Circuit Court, October 14, 1905.]

Haynes, Parker and Wildman, JJ.

## LEM P. HARRIS V. C. R. BRAND.

1. ARBITRATORS ENTITLED TO COMPENSATION WITHOUT REFERENCE TO SATIS-FACTORINESS OF AWARD.

Arbitrators are entitled to compensation for services rendered without reference to the question of the satisfactoriness of their conclusions to the parties.

2. ARBITRATORS MAY RECOVER THEIR COMPENSATION FROM A PARTY TO AN ARBITRATION UNDER THE TERMS OF THE AGREEMENT TO ARBITRATE.

The rule which obtains in this state, that one may sue on a promise made for his benefit to a third person, is applicable in the case of an agreement of arbitration, in favor of the arbitrators where compensation is provided for in the agreement.

3. THE OBLIGATION OF THE PARTIES TO THE ARBITRATION JOINT AND SEVERAL.

The parties to an agreement to arbitrate may be sued jointly or severally by an arbitrator, for his compensation, if consistent with the terms of the submission and award.

ERROR to Lucas common pleas court.

**King & Tracy** and **H. N. Lloyd,** for plaintiff in error.

**Seney, Johnson & Seney,** for defendant in error.

## WILDMAN, J.

This is said to be one of three actions which involve substantially the same questions now pending in this court upon petitions in error. Only one of the cases, however, has been submitted to us and whether there are any points of difference which might involve separate hearings, we are not advised.

The plaintiff in error with one Arthur L. Mills and Thomas F. Whittlesey were appointed and acted as arbitrators to determine certain disputes existing between the defendant in error and the Toledo, St. Louis & Western Railroad Company, under and in pursuance of an agreement set forth in the pleadings in the case below. The court below, upon motion of the defendant, entered judgment in the defendant's favor. Lem P. Harris, as I have said, was one of three arbitrators, chosen in the dispute between Brand and the railroad company, and, after the rendition of certain services by the arbitrators in the carrying out of the duties placed upon them by the arbitration agreement and their acceptance of it, Harris brought suit against Brand for compensa-

tion as such arbitrator. To arrive at the exact point upon which the case was disposed of in the court below, reference may be had to the docket entry which is recited in the brief of one of the counsel, and which gives the ruling of the court and the reason therefor:

"Submitted upon motion by defendant for a judgment on the pleadings. The precise question involved was decided in *Bates* v. *Townley*, 2 Exch. 164. Arbitrators are not parties to the contract of submission, and cannot sue upon it. They are entitled to compensation for services rendered and, both parties to the contract having jointly requested the same, both jointly and not each severally, are liable therefor. Petition dismissed at costs of plaintiff. Plaintiff excepts."

This naturally invites an examination of the case to which reference is made by the trial judge in *Bates* v. *Townley*, 2 Exch. 164. The case did not arise in precisely the same form as that presented by the case at bar. It was not a suit, as finally decided, by the arbitrator for compensation, but one of the parties to the agreement for arbitration, having made, as he claimed, a payment of the other party's share of the compensation to the arbitrators, indeed claiming that he had paid the entire compensation, sought to recover in the way of contribution, one-half of the amount which he had paid. It was claimed in the case that the arbitrators had not acted strictly in accordance with the requirements of the contract of submission. Two arbitrators were named in the contract and they were authorized to select a third arbitrator and indorse the fact of his appointment upon the contract of arbitration. This they failed in part to do. They proceeded with the reference and appointed a third arbitrator, but his appointment was not indorsed upon the submission, as required of them. Subsequently the three arbitrators made their award, whereby they found that there was due from the defendants to the plaintiff the sum of something over two thousand pounds, which they directed that the defendants should pay to the plaintiff; and they did further award:

"That the costs of the reference and award, including compensation to the arbitrators, should be borne as follows: that is to say, one moiety thereof by the plaintiff, and the other moiety by the defendants. On the twenty-second of February the plaintiff took up the award and paid the whole costs of it, amounting to 25 L., 8s., 9d., and on the following day served the defendants with notice thereof, but there was no express request to pay,"—that is, the plaintiff paid it without being requested so to do by the defendants.

"The plaintiff now sought to recover 12 L., 14s., 9d., the moiety

Harris v. Brand.

of those costs, as money paid for the defendants' use. The declaration contained a count on the award, which had been demurred to, and judgment given for the defendants, 1 Exch. 572; so the plaintiff now relied upon the award itself as evidence of an account stated. On the part of the defendants, it was objected that the plaintiff was not entitled to recover the moiety of the costs as money paid for the defendants' use, on the ground, first, that the award was not binding, the appointment of the third arbitrator not having been indorsed on the submission; secondly, that the costs of the reference were not ascertained, either by the award or by the taxation of the court.''

A careful examination of the case discloses that this latter clause is made an element in the final adjudication by the court.

The court avoids any decision as to whether the three arbitrators should be joined; but does hold that the plaintiff who paid the entire amount of the award might have been compelled to do so by reason of the fact that his obligation was joint with that of the other party to the award. It will be noticed that the court does not hold that the arbitrators might not also at their option, have the right to sue either of the parties to the award severally. We might tarry for a moment and consider the fact that we have three kinds of obligations upon contracts: The obligations may be joint, or may be several, or they may be joint and several. Now while that court held that this obligation was joint, so that the arbitrators might have sued all of the parties to the award together, they did not hold that the arbitrators might not, in their discretion, have sued them severally; nothing is said upon that subject. It is held that the contract is joint, but it is not held, and it was not necessary to hold, that it might not also be several. The liability of one of the parties to the award to be sued and required to pay the entire compensation might be a justification for his paying it in its entirety and then suing the other party who had contracted with him, for contribution. That is about all that the court here was compelled to hold upon this point, but the case finally went off on another. The result would have been the same, whether the obligation was joint, or whether it was joint and several.

''The first point to be considered is, whether both the parties were jointly liable to the arbitrators to pay them for their trouble. This depends upon the question, whether the arbitrators were parties to the submission, and agreed to be paid on the terms contained in it only. If they were, then they had a remedy only against each for

the part which they by their award should direct each to pay, and so this action could not be maintained."

That would be true if the contract was several, not joint. Then if one of the parties paid that part which the arbitrators decreed should be paid by the other, he would be a mere volunteer and he could not recover the amount so paid.

We are not satisfied that the precise point presented in the case before us was decided by this case of *Bates* v. *Townley, supra,* as the judge below seemed to understand it. It is true that the English court did hold, as the court below holds, that arbitrators are not parties to a contract of submission and cannot sue upon it; but the court does not discuss the question as to whether in considering the rights of arbitrators, if they had brought suit they would or would not have been entitled to sue the contracting parties severally instead of jointly. They are only holding in substance that they had a right to sue them jointly, that the parties had jointly bound themselves.

In 3 Cyc. 726 under the head, "Implied Assumpsit Will Lie," I find this language:

"Inasmuch as the arbitrators are to be regarded as acting for all of the parties, the liability is joint and several, and an action of implied assumpsit may be maintained, either jointly or severally, against one or all of the parties."

A number of cases are cited under this paragraph, and we have examined them all with care. We are not entirely satisfied that this general statement in the text is borne out by the authorities cited, and we are inclined to look a little further into the condition of our Ohio law to determine whether or not one of the arbitrators can sue one of the parties to an agreement for an arbitration without joining the other. There seems to be no question in the contention of the parties that the arbitrators would be entitled to compensation, if they performed the duty placed upon them by the agreement of the parties. The court below in this docket entry says they are entitled to compensation for services rendered, and we believe that is correctly stated, if they rendered the services, and it is of no consequence whether the parties are satisfied or are not satisfied as to the conclusions arrived at by the persons to whom the contractors submitted their matters of difference.

In Lawson, Contracts Sec. 113, this rule is stated:

"It is a principle of the common law that one cannot acquire rights under a contract to which he is not a party, and hence no right to enforce a contract is given to a person not a party to it or the assignee of such party.

Harris v. Brand.

"In the code states, the statutory provision that every action must be prosecuted in the name of the real party in interest, gives the party for whose benefit a contract is made, the right of action. And even independent of the codes, the modern American rule is, that where a person makes a promise to another for the benefit of a third person, the latter may maintain an action upon it."

I think no principle has been more firmly settled in Ohio than the one embodied in this last clause that, "Where a person makes a promise to another for the benefit of a third person, the latter may maintain an action upon it." Perhaps it is not necessary to cite authorities, but in passing it may be well enough to remind ourselves of some of them. 1 Bates, Pleading 1; *Crumbaugh* v. *Kugler,* 3 Ohio St. 544; *Thompson* v.*Thompson* 4 Ohio St. 333; *Emmitt* v. *Brophy,* 42 Ohio St. 82; *Irwin* v. *Lombard University,* 56 Ohio St. 9, 21 [42 N. E. Rep. 63; 36 L. R. A. 239; 60 Am. St. Rep. 727].

Indeed the authorities are numerous that recognize in one form or another this principle that if A promises B that he will pay something to C not only may B have the right to insist upon a fulfillment of the obligation, but C also may take advantage of it, although no consideration moved from him.

This must be treated as a common-law arbitration. Brand asserts in one of his pleadings that by a supplemental contract it was agreed that the award of the arbitrators should be made a rule of court; but that supplemental contract was denied in the reply of Harris, and, as the court rendered judgment upon a motion for judgment upon the pleadings, it cannot be taken as conceded that the parties entered into any such agreement. It was not disputed, and so was to be taken by the court as conclusively shown by the pleadings, that they entered into the original contract for arbitration; and that contract did not provide for any order of court. It provided only that the award should take the place of proceedings in court, and that the case in the court should be dismissed. Perhaps the language of the contract should be read, not only in this connection, but as bearing upon another matter to which I am about to come. In the answer of Brand this agreement for arbitration is copied. It reads as follows:

"AGREEMENT.

"Made this thirty-first day of July, 1903, between Toledo, St. Louis & Western Railroad Company hereinafter called the first party, of the first part, and C. Rudolph Brand hereinafter called second party of the second part.

Lucas County.

"Whereas, in an action now pending in the common pleas court of Lucas county, Ohio, and entitled C. Rudolph Brand v. Samuel Hunt, Receiver of The Toledo, St. Louis & Kansas City Railroad Company, et al., Defendants, the second party claims the sum of seventy-eight hundred dollars ($7,800) as rental for the alleged use by the first party and its predecessors in title, of a certain side track, the property of the second party, and leading from the main line of the first party to a certain quarry owned by the second party near Neowash, Lucas county, Ohio, from the year, 1893, to the date of the commencement of said action on June 23, 1900.

"And whereas, said second party in said action further claims the sum of four thousand dollars ($4,000) as compensation for damages alleged to have been caused to said track by the first party and its predecessors in title in the use thereof, all of which more particularly appears in the second amended petition in said action filed.

"And whereas, the parties have agreed to submit the questions arising in said action to arbitration, subject to the limitations and conditions hereinafter contained.

"Now therefore, it is hereby agreed that the disputes and differences between the parties as in the said second amended petition set forth, but subject to the limitations hereinafter contained, shall be referred, and the same are hereby referred to, to the arbitration and determination of Lem P. Harris of Toledo, Ohio, and A. L. Mills of Toledo, Ohio, arbitrators nominated by the said parties respectively, or in case they shall not agree in making an award, then as regards the matter or matters to which they shall disagree, to the umpirage of such persons as the said arbitrators shall in writing, before they enter upon the said arbitration, appoint and that the questions to be determined by said arbitrators shall be as follows:

"1.   Whether or not the said track was used by said first party or its predecessors in title between April 10, 1896, and June 23, 1900, was damaged by the improper use thereof as in said second amended petition alleged, and if so, what compensation, if any, said second party is entitled to for damages."

"The said arbitrators shall not take into consideration any use of or damage to said track occurring prior to the tenth day of April, 1896, or subsequent to the twenty-third day of June, 1900.

"The said arbitrators shall make and publish their award in writing and deliver the same to the parties on or before the —— day of ——

Harris v. Brand.

next, or on or before such subsequent date to which the said parties shall in writing extend the time for making said award.''

''The said action pending between the parties aforesaid shall be continued, and all proceedings therein stayed, and upon the making of said award, said action shall be dismissed and the costs thereof together with the expenses and costs of this reference awarded by said arbitrators in their discretion to either or both of the parties hereto.''

''The award herein shall be binding upon the parties and the said parties hereto agree each to the other, that he will not bring or prosecute any action in any court against the other, or against the arbitrators or either of them, concerning the matters in difference, or any of them, and that the award of the arbitrators shall be a bar to the prosecution of the aforesaid action now pending between the parties, or to any other action for compensation for the use of, or damage to the said track which otherwise might or could hereafter be commenced by them.

''In witness whereof, the said Toledo, St. Louis & Western Railroad Company has hereunto caused its corporate name to be subscribed, and the said C. Rudolph Brand has hereunto subscribed his name on the day and year first above written.

''Witness the signature of Toledo, St. Louis & Western Railroad Company:
 ''E. S. WORTHEM,
  ''CHAS. A. SCHMETTAU.

''Witnesses to the signature of C. Rudolph Brand:
 ''L. W. ISHMUND,
 ''L. A. SIEDEL.''

TOLEDO, ST. LOUIS & WESTERN
RAILROAD COMPANY,
By BENJ. NORTON, President.
C. RUDOLPH BRAND.

Now it may be said that the defendant in answer claims that the arbitrators failed to make all the findings referred to in this agreement for arbitration; but the issue thereby tendered is met in the reply of the plaintiff which denies the allegation that they failed to do these various duties devolving upon them by the arbitration, so that for the purpose of this inquiry, this issue being made, the court would not be justified in finding that the arbitrators had failed to perform the services.

We are inclined to think and to hold, that the principle which has obtained in Ohio, that where one person makes a promise to another for the benefit of a third, such third person may maintain an action

Lucas County.

upon the promise, applies to the agreement between these persons and to the extent that it contemplates a compensation to the arbitrators that they would be bound by any such award as the arbitrators might make, as to the expenses and costs of the reference, and that the arbitrators might award these expenses and costs in their discretion to either or both of the parties hereto.

The petition of the plaintiff below alleges that by the award made by the arbitrators, they found and determined that, "The defendant and said railroad company should each pay the cost of witnesses, by them respectively called in said arbitration proceedings, but that all other costs and expenses should be equally divided between them; that the costs of said arbitration proceedings were thereby fixed at $600, $200 to each arbitrator; that the services of the plaintiff as arbitrator in said arbitration proceedings were reasonably worth the said sum of $200; that this defendant has not paid, and refuses to pay his share of said $200, to wit, $100, or any part thereof, although often requested by plaintiff so to do,"—$100 being the amount sued for.

We think, under all these circumstances, in view of the claim of the plaintiff that the services had been performed, that the services were worth the amount charged; that the arbitrators in their award had fixed the share that each one of the agreeing parties should pay, and in view also of the general principles to which I have referred, that the defendant was not entitled to a judgment upon the papers, upon his motion therefor.

There is another matter which was stated in argument, and I think without dispute, although I have been unable to find it in the pleadings; and that is, that the railroad company had paid to the arbitrators its proportion of the expenses, including the compensation of the arbitrators. If this had appeared upon the pleadings it might present still another interesting question. As the case will go back to the court of common pleas for further consideration, I simply call attention to that matter by way of suggestion to counsel.

Laning R. L. 4881 (R. S. 3162) provides as follows:

"When a partnership is dissolved, by mutual consent or otherwise, any partner may make a separate composition or compromise with any creditor of the partnership; and such composition or compromise shall be a full and effectual discharge to the debtor who makes the same, and to him only, of and from all and every liability to the creditor with whom the same is made, according to the terms thereof."

Laning R. L. 4885 (R. S. 3166) provides:

Harris v. Brand.

"The above provisions in reference to partners shall extend to other joint debtors, who may, individually, compound or compromise for their joint indebtedness, with the like effect in reference to creditors and to joint debtors of the individual so compromising, as is above provided in reference to partners."

Under all the circumstances, we feel that the judgment of the court below should be reversed and the case remanded for further proceedings.

**Haynes** and **Parker, JJ.,** concur.